# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia**
**Plaintiff Below, Respondent**

vs)  **No. 13-0437** (Harrison County 11-F-213)

**David Mayle**
**Defendant Below, Petitioner**

**FILED**

June 19, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David Mayle, by counsel Rocco E. Mazzei, appeals the amended order entered by the Circuit Court of Harrison County on March 25, 2013, that denied his motion for a new trial and sentenced him upon his convictions for two counts of falsifying accounts, two counts of embezzlement, one count conspiracy to falsify accounts, and one count of conspiracy to commit embezzlement. The State of West Virginia, by counsel Benjamin F. Yancey III, responds in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Facts

At trial, the State presented evidence that petitioner embezzled money from the City of Salem (the "city") while he was serving as its City Manager. He was assisted in his crimes by the City Clerk, Sherry Smith, who also embezzled money for herself.[1] The State asserted that, for his part, petitioner illegally obtained $43,729.75 from the city by, inter alia, directing Ms. Smith to issue him extra paychecks; by claiming reimbursements, per diem payments, and sick leave payments to which he was not entitled; and by taking petty cash. The financial wrongdoing was described in the report of an audit performed by the West Virginia Auditor's Office. The State presented testimony from multiple witnesses including Michael Turley, who performed that audit; from the investigating officer; from a person who explained the city's financial software; from various city employees; and from Ms. Smith, who accepted a plea bargain and agreed to testify against petitioner at trial. The jury found petitioner guilty of all charges for which he was indicted: two counts of falsifying accounts in violation of West Virginia Code § 61-3-22, two counts of embezzlement in violation of West Virginia Code § 61-3-20, one count conspiracy to

---

[1]Ms. Smith has also been known by the names Sherry Lovett and Sherry Olenick.

1

falsify accounts in violation of West Virginia Code §§ 61-3-22 and 61-10-31, and one count of conspiracy to commit embezzlement in violation of West Virginia Code §§ 61-3-20 and 61-10-31. Petitioner's post-trial motions for acquittal or a new trial were denied.[2]

**Standard of Review**

Petitioner appeals the circuit court's order denying his motion for a new trial. We analyze such appeals using the following standard of review:

> 1. ""Although the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence." Syl. pt. 4, *Sanders v. Georgia–Pacific Corp.*, 159 W.Va. 621, 225 S.E.2d 218 (1976).' Syllabus point 1, *Andrews v. Reynolds Memorial Hospital, Inc.*, 201 W.Va. 624, 499 S.E.2d 846 (1997)." Syllabus point 1, *Lively v. Rufus*, 207 W.Va. 436, 533 S.E.2d 662 (2000).
>
> 2. "In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review." Syllabus point 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

Syl. Pts. 1 and 2, *State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011). To the extent that petitioner's individual assignments of error involve specific standards of review, those standards are set forth below.

**Discussion**

In his first assignment of error, petitioner argues that "the evidence presented at trial [was] insufficient to establish that false entries were made by petitioner as the City Manager" of Salem. We held in Syllabus Point 3 of *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995), that

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the

---

[2]The circuit court ordered that some, but not all, of petitioner's sentences are to run concurrently, for a total effective sentence of three to twenty-five years in prison. However, the circuit court then suspended some of that sentence and ordered petitioner to instead serve one to ten years in prison to be followed by three years of probation. Petitioner was also ordered to pay restitution to the city.

prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled.

In the argument section of his brief, petitioner devotes only two sentences to this assignment of error. He suggests that the city's accounting and payroll systems "had problems" in the way employees, including himself, were compensated for "comp time." However, petitioner's brief fails to explain what the problems were or how they impacted his convictions. In fact, he does not even specify which of the six convictions he is challenging in this assignment of error. Accordingly, petitioner wholly fails to meet his heavy burden of proving that the evidence against him was insufficient.

Furthermore, our review of the record on appeal has found extensive evidence of petitioner's guilt that cannot be dismissed as mere problems with the way the city's computer software or other systems handled comp time. The evidence shows that petitioner, either personally or by directing Ms. Smith to act on his behalf, intentionally took money from the city to which he was not entitled. These funds were falsely recorded in the city's financial records as being for salary or reimbursements, or they were not recorded at all. Petitioner even directed that extra paychecks be issued to himself, checks that he and Ms. Smith signed.

In his second assignment of error, petitioner argues that the trial court erred in denying his motion in limine to exclude exhibits beyond those described in the State's bill of particulars. He argues that the bill of particulars limited the State's evidence to approximately 130 checks, but the State's exhibit list included documents beyond those checks such as evidence of petitioner's per diem payments and purchasing card usage.[3] The State responded that the per diem and purchasing card evidence went to prove why the checks constituted embezzlement and falsification of accounts. The circuit court denied the motion in limine, but granted petitioner leave to object as the evidence was offered at trial.[4]

Petitioner's argument on appeal is essentially that the bill of particulars was insufficient or incomplete. In *State v. Meadows*, 172 W.Va. 247, 304 S.E.2d 831 (1983), we recognized that a bill of particulars is a discovery device subject to our law on non-disclosure of court-ordered discovery, and that the relevant inquiry is whether the defendant was prejudiced by surprise or by the inability to prepare a defense. *Id.* at 254, 304 S.E.2d at 838. Moreover, "[t]he ruling of a trial

---

[3]A purchasing card, also called a "p card," is essentially the city's credit card.

[4]In this appeal, petitioner only assigns error with regard to the denial of this motion in limine. His appellate brief fails to cite to any specific objections or rulings made as the evidence was admitted at trial.

court concerning the sufficiency of a bill of particulars will not be reversed on appeal unless the trial court abused its discretion." Syl. Pt. 5, *id.* at 249, 304 S.E.2d at 833. Similarly, "[a] trial court's evidentiary rulings . . . are subject to review under an abuse of discretion standard." Syl. Pt. 4, in part, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998). Also, "[a] trial court's ruling on a motion in limine is reviewed on appeal for an abuse of discretion." Syl. Pt. 1, *McKenzie v. Carroll Intern. Corp.*, 216 W.Va. 686, 610 S.E.2d 341 (2004).

Upon a review of the record, we find no abuse of discretion in the circuit court's denial of this motion in limine. It is obvious that the bill of particulars was written to directly respond to questions petitioner raised in his motion for a bill of particulars. Although respondent asserts unfair surprise, he does not identify exactly which piece of evidence or assertion at trial came as a surprise to him or his lawyer, or explain how he was unable to present a defense. Importantly, all of the documents that the State offered into evidence were disclosed to petitioner in pre-trial discovery. The allegations, as well as many or all of the documents, were also discussed in the State Auditor's report and the Harrison County Sheriff's investigative report. Because petitioner's assertions in his appellate brief are so general, we are unable to discern a particular issue or document that could have unfairly prejudiced him.

In his third assignment of error, petitioner argues that the circuit court erred in denying a motion in limine to exclude expert opinion testimony and documentary evidence from two employees of the West Virginia Auditor's Office, Michael Turley and Shellie Humphreys. These employees performed the audit and drafted the audit report about the financial wrongdoing committed by petitioner and Ms. Smith. Petitioner claims that contrary to Rule 16(a)(i)(E) of the West Virginia Rules of Criminal Procedure and Rule 32.03(a)(11) of the West Virginia Trial Court Rules, the prosecutor failed to provide their expert qualifications and a summary of their expected testimony and opinions before trial. Because Ms. Humphreys was ultimately not called to testify at trial, any issues surrounding her qualifications and anticipated testimony are now moot; therefore, we will only address Mr. Turley's testimony.

As set forth above, we examine a trial court's evidentiary rulings, and the denial of a motion in limine, under an abuse of discretion standard. Syl. Pt. 4, *Rodoussakis* at 61, 511 S.E.2d at 472; Syl. Pt. 1, *McKenzie* at 687, 610 S.E.2d at 342. Similarly, a circuit court has discretion to fashion a remedy for noncompliance with pre-trial discovery. *State ex rel. Rusen v. Hill*, 193 W.Va. 133, 140, 454 S.E.2d 427, 434 (1994). Upon a review of the record and the parties' arguments, we find no abuse of discretion in the circuit court's decision to admit testimony and documentary evidence from Mr. Turley. First, his expected testimony and opinions were set forth in the audit report that he and Ms. Humphreys created. The State provided the audit report to the defense almost a year before trial. In addition, approximately five months before trial the State provided the defense with the working papers that formed the basis for the audit report. The State admits that it did not provide Mr. Turley's one-page curriculum vitae until October 3, 2012, which was one week before trial. However, this issue was discussed with the trial court and the court offered the defense additional time to explore the credentials.

In his fourth assignment of error, petitioner argues that he was denied his right to a fair trial when the jury rendered its verdict after deliberating for fewer than forty minutes. He argues that such deliberations were inadequate for a trial that lasted four and one-half days and included

nineteen witnesses, more than twenty hours of testimony, thirty-six exhibits, thousands of pages of detailed financial records, detailed financial charts, and six criminal counts.

Petitioner's argument that the jury did not spend sufficient time considering the evidence constitutes an intrinsic challenge to the verdict. We have held that "[a] jury verdict may not ordinarily be impeached based on matters that occur during the jury's deliberative process which matters relate to the manner or means the jury uses to arrive at its verdict." Syl. Pt. 1, *State v. Scotchel*, 168 W.Va. 545, 285 S.E.2d 384 (1981). We find no reason to deviate from this long-standing law and, accordingly, reject this assignment of error.

In his fifth and final assignment of error, petitioner asserts that trial defense counsel was constitutionally ineffective. He argues, *inter alia*, that his lawyer should have moved for discovery sanctions or a continuance of trial, and that counsel failed to properly investigate the case and to present a defense at trial by not using a financial expert and a handwriting expert. However, because this is the direct appeal, we do not have the necessary record, including testimony from defense counsel, to review claims of ineffective assistance of counsel. Due to the lack of a sufficient record, "it is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal." *State v. Miller*, 194 W.Va. 3, 14, 459 S.E.2d 114, 125 (1995) (quoting *State v. Triplett*, 187 W.Va. 760, 771, 421 S.E.2d 511, 522 (1992)). Therefore, we decline to address this assignment of error. If he chooses to do so, petitioner may assert ineffective assistance of counsel in a petition for writ of habeas corpus. *See*, Syl. Pt. 4, *State v. Frye*, 221 W.Va. 154, 650 S.E.2d 574 (2006) (holding that where the decision on direct appeal does not contain any ruling on the merits of an ineffective assistance of counsel claim, an incarcerated individual is not prohibited from seeking habeas relief on the issue).

For the foregoing reasons, we find no abuse of discretion and conclude that the circuit court did not act under any misapprehension of law, thus the circuit court properly denied petitioner's motion for new trial. Accordingly, we affirm.

Affirmed.

**ISSUED:** June 19, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

5